**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ROBERT F. CONNOLLY,

        Plaintiff

      - v -        Civ. No. 6:02-CV-1303
                (LEK/RFT)

COMMISSIONER OF SOCIAL SECURITY,
          Defendant.

**APPEARANCES:**        **OF COUNSEL:**

ROBERT F. CONNOLLY
Plaintiff, *Pro Se*
P.O. Box 129
Beame Road
Accord, New York 12404

HON. GLENN T. SUDDABY      WILLIAM H. PEASE, ESQ.
United States Attorney for the      Assistant United States Attorney
Northern District of New York
Attorney for the Defendant
P.O. Box 7198
100 S. Clinton Street
Syracuse, New York 13261

**RANDOLPH F. TREECE**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION and ORDER

   In this action, *pro se* Plaintiff Robert Connolly moves, pursuant to 42 U.S.C. § 405(g), for review of a decision by the Commissioner of Social Security denying his application for disability benefits. *See* Dkt. No. 1, Compl. On August 18, 2004, after filing an Answer and the Administrative Transcript, Defendant Commissioner of Social Security filed a Motion for Remand

pursuant to sentence six of 42 U.S.C. § 405(g).[1]  Dkt. No. 16.  For the reasons stated below we recommend **granting** Defendant's Motion and remanding this case pursuant to the sixth sentence of 42 U.S.C. § 405(g).

## I. PROCEDURAL HISTORY

In May 1996, Plaintiff applied for Disability Insurance Benefits claiming to be disabled since November 23, 1987, due to degenerative condition of his lower back.  Dkt. No. 11, Admin. Transcript [hereinafter "Tr."] at 57 & 70.  His application was denied initially and on reconsideration.  *Id*. at 36-38, & 42-44.  He then appeared with counsel for a Hearing before Administrative Law Judge ("ALJ") Hastings Morse on September 10, 1997.  *Id*. at 22-33.  On September 19, 1997, ALJ Morse issued a decision finding Connolly could perform his past relevant work as a fingerprint technician and therefore was not disabled prior to December 31, 1994, the expiration of his insured status.  *Id*. at 12-21.  On September 17, 1999, the Appeals Council denied review.  *Id*. at 3-5.  Connolly then commenced an action in this Court, Docket Number 99-CV-2025 (LEK/RWS), and the case was reversed and remanded for further proceedings.  *Id*. at 444-53 & 514-15.

Upon remand, Plaintiff and his attorney appeared at a Hearing before ALJ Terrance Farrell on January 2, 2002.  *Id*. at 454-513.  On March 25, 2002, ALJ Farrell issued a decision finding Plaintiff could not perform his past relevant work, but, based on the testimony of a Vocational Expert ("VE") and using the Medical-Vocational Guidelines as a framework, Plaintiff could perform other work available in the national economy and therefore was not disabled prior to the expiration of his insured status on December 31, 1994.  *Id*. at 428-43.  On August 16, 2002, the

---

[1] On March 28, 2005, in accordance with Local Rule 72.3(d), the Honorable Lawrence E. Kahn, United States District Judge, referred the Motion to this Court for issuance of a report-recommendation.  Dkt. No. 17.

Appeals Council concluded there was no basis under the Regulations to grant Plaintiff's request for review, thus rendering ALJ Farrell's decision the final determination of the Commissioner. *Id.* at 421-24. Exhausting all his options for review through the Social Security Administration's tribunals, Plaintiff now brings this appeal.

## II. DISCUSSION

In his *pro se* Brief, Plaintiff raises a number of challenges to ALJ Farrell's decision, one of which challenges the ALJ's reliance on the testimony of VE Dr. Liberty.[2] Defendant proffers, and this Court adopts, the following summary of ALJ Farrell's decision:

> After applying the five step sequential evaluation process,[] ALJ Farrell concluded that plaintiff had degenerative lumbar disc disease with low back pain but that he did not have an impairment or combination of impairments listed in or medically equal to one listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 . . . . The ALJ further found that plaintiff possessed the residual functional capacity ("RFC") to perform a reduced range of sedentary work.[] Specifically, the ALJ found that plaintiff could: 1) occasionally lift/carry and push/pull up to 10 pounds; 2) frequently lift/carry and push/pull smaller objects (such as files, books, papers and ledgers); 3) stand and/or walk up to four hours in a workday with normal breaks and no continuous standing more than 20 to 30 minutes at a time; and 4) occasionally balance, climb, crawl, stoop, crouch and kneel with walking limited to level surfaces . . . . The ALJ found that plaintiff was unable to perform his past relevant work, and so the burden of proof shifted to the Commissioner to establish that significant work existed in the national economy which plaintiff could perform. The Commissioner then considered plaintiff's age, education, and work experience . . . . Given these factors, together with plaintiff's RFC for a reduced range of sedentary work, the ALJ utilized Medical-Vocational Rule 201.28, of 20 C.F.R. Part 404, Subpart P, Appendix 2, used as a framework for decision making, and with the expert testimony of the vocational expert, led to a finding of not disabled . . . . Accordingly, ALJ Farrell found plaintiff not disabled . . . .

Dkt. No. 16 at pp. 10-11.

---

[2] Additionally, Plaintiff challenges (1) the ALJ's failure to properly credit reports of Dr. Fleming, his treating physician, and other treatment reports from his doctors; (2) the Commissioner's failure to comply with the District Court's directives in remanding the case; (3) the ALJ's refusal to consider Plaintiff's submitted evidence that was dated after December 31, 1994, but then basing his opinion on other evidence similarly dated after the expiration of his insured status; (4) the ALJ's statement that no medical records indicate complaints of neck pain or diagnosis of any medically determinable cervical condition; and (5) the ALJ's erroneous finding that Plaintiff is capable of performing sedentary work. *See generally* Dkt. No. 15.

In moving for remand, Defendant maintains that after reviewing the record, she realized that such record did not appear to contain the entirety of the VE's testimony. Any attempts to ascertain whether the remainder of the VE's testimony could be located was unsuccessful.

The Commissioner and this Court are concerned that the VE's testimony contained in the certified Administrative Transcript is not complete. While the Hearing Office indicated that the proceedings were recorded on two cassette tapes, and such tapes were transcribed, upon this Court's review, we agree with the Commissioner that such proceedings must have exceeded two cassette tapes. Such is patently evident given the fact that the Hearing comes to an abrupt end during the course of examination by the Plaintiff's representative. Most compelling to this Court is the fact that there is no statement from the representative that he has no further questions, nor is there a statement from the ALJ concluding and closing the Hearing, as this Court concedes is normal practice in such Hearings.[3] In light of Plaintiff's own objections to the Commissioner's decision denying benefits, this Court is compelled to recommend a remand for further proceedings as we are not in a position to conduct a proper review. Specifically, since the burden shifted to the Commissioner at Step Five, and because the ALJ relied on the VE's testimony, the Court is unable to ascertain from this incomplete record whether substantial evidence supports the ALJ's decision. While we sympathize with Plaintiff given the enormous amount of time this entire process has already taken, we cannot engage in a meaningful review without a full and complete record. *See*

---

[3] In support of her Motion, the Commissioner cites to HALLEX I-2-678, which apparently sets the procedure for an ALJ in closing a hearing. While this Court is not familiar with HALLEX, nor was a copy furnished to us, we note that the procedures outlined in the Commissioner's Brief are in accord with this Court's experience in reviewing countless Social Security Administrative Transcripts. Specifically, prior to closing a hearing, the ALJ must ask the claimant and representative if they have any additional evidence to submit. Then, depending on the response to such question, the ALJ states on the record whether the record is closed or shall remain open to receive further evidence. *See* Dkt. No. 16 at p. 12 n. 8.

*Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980) (noting that remand is appropriate where there are gaps in the record or further development of the evidence is needed); *Sobolewski v. Apfel*, 985 F. Supp. 300, 314 (E.D.N.Y. 1997) ("Where there are gaps in the administrative record, remand to the Commissioner for further development of the evidence is in order.") (cited in *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999)).

We note that a remand pursuant to sentence six requires the legal action in this Court to remain open. Under the language of the statute, a sentence six remand is only appropriate in two circumstances: (1) upon motion by the Commissioner prior to the answer being filed and for good cause shown; and/or (2) when new evidence is sought to be introduced that is material and good cause exists for the failure to previously present such evidence. 42 U.S.C. § 405(g). We deal here with the former circumstance. Although the Commissioner made this Motion <u>after</u> filing the Answer and Administrative Transcript, we find it completely plausible that the incomplete nature of the Record would not have been brought to her attention until she endeavored to prepare her Brief in opposition to Plaintiff's Brief. The incomplete record is, in our assessment, good cause to remand this case to the Commissioner for further proceedings without rendering a decision on the merits of Plaintiff's challenges. We note, however, that given the history of this case, the Commissioner should expedite this matter. In accordance with 42 U.S.C. § 405(g), after the case is remanded and "after hearing such additional evidence . . . [the Commissioner shall] modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or

affirming was based."

**WHEREFORE**, based on the foregoing, it is hereby

**RECOMMENDED**, that Defendant's Motion for Remand (Dkt. No. 16) be **granted** and this case remanded for expedited rehearing pursuant to the sixth sentence of 42 U.S.C. § 405(g); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b), 6(a), & 6(e).

IT IS SO ORDERED

Dated:   June 20, 2006
         Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge